Beth S. Rose
Vincent Lodato
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendant*
*Amazon.com, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THE OHIO CASUALTY INSURANCE COMPANY, as subrogee of Scott & Kedz Home for Funerals LLC d/b/a Scott & Kedz Home For,<br><br>         Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>         Defendant. | Civil Action No. 3:18-cv-4602 (PGS)(TJB) |

**DEFENDANT AMAZON.COM, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Amazon.com, Inc. ("Amazon") responds to Plaintiff's Complaint as follows:

**PARTIES**

1. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 1 and therefore denies the same.

2. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 2 and therefore denies the same.

3. Amazon admits only that it is a Delaware corporation with its principal place of business located at 410 Terry Avenue N, Seattle, WA 98109. Amazon further admits that it has

facilities located in New Jersey and that New Jersey residents purchase products through Amazon's website. Amazon denies all remaining allegations contained in Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 asserts legal conclusions to which no response is required. To the extent that a response is required, Amazon admits that this Court has jurisdiction over this action. Amazon denies the remaining allegations contained in Paragraph 4.

5. Paragraph 5 asserts a legal conclusion to which no response is required. To the extent that a response is required, Amazon admits that this Court is a proper venue for this action. Amazon lacks sufficient information or knowledge to admit or deny the truth of the remaining allegations contained in Paragraph 5 and therefore denies the same.

## FACTS

6. Amazon admits only that it operates a website (www.amazon.com) where products are offered for sale. Amazon denies the remaining allegations contained in Paragraph 6.

7. Amazon admits that it sells products directly to consumers around the world on occasion but specifically denies that it sold the "subject hoverboard," as defined in Paragraph 19 of the Complaint, to Plaintiff's insured.

8. Amazon admits only that third-parties sell products on Amazon's website. Amazon denies the remaining allegations contained in Paragraph 8.

9. Amazon admits only that it enters into Business Solution Agreements with third-party sellers that sell their products through Amazon's website. Amazon also admits that it operates fulfillment centers and offers fulfillment services to third-party sellers. Amazon denies the remaining allegations contained in Paragraph 9.

10. Amazon admits only that third-party sellers are charged a fee for using Amazon's services. Amazon denies the remaining allegations contained in Paragraph 10.

11. Amazon admits only that it offers fulfillment services to third-party sellers and charges third-party sellers a fee for using those services. Amazon denies the remaining allegations contained in Paragraph 11.

12. Amazon admits the allegations contained in Paragraph 12.

13. Amazon admits only that it operates fulfillment centers, some of which are located in New Jersey. Amazon denies the remaining allegations contained in Paragraph 13.

14. Amazon admits only that it provides payment processing services, and that Amazon deducts vendor fees from vendor disbursements. Amazon denies the remaining allegations of Paragraph 14.

15. Amazon denies the allegations contained in Paragraph 15 as stated.

16. Amazon admits only that it has an A-Z Guarantee program and denies the remaining allegations contained in Paragraph 16.

17. Amazon denies the allegations contained in Paragraph 17.

18. Amazon admits only that New Jersey residents purchase products through Amazon's website marketplace and denies the remaining allegations contained in Paragraph 18.

19. Amazon admits only that a purchaser named Alicia Kedz Sarin purchased a hoverboard from third-party seller CoolClear on November 9, 2015, and that the order number for that transaction was 115-4263690-1978648. Amazon denies all other allegations contained in Paragraph 19.

20. Amazon admits the allegations contained in Paragraph 20.

21. Amazon denies the allegations contained in Paragraph 21 as stated.

22. Amazon denies the allegations contained in Paragraph 22.

23. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 23 and therefore denies the same.

24. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 24 and therefore denies the same.

25. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 25 and therefore denies the same.

26. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 26 and therefore denies the same.

27. Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 27 and therefore denies the same.

28. Paragraph 28 asserts a legal conclusion to which no response is required. To the extent that a response is required, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 28 and therefore denies the same.

**COUNT I – FAILURE TO WARN UNDER NEW JERSEY PRODUCT LIABILITY ACT, N.J. STAT. § 2A:58C-2 ET SEQ.**

29. Amazon incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

30. Amazon denies the allegations contained in Paragraph 30.

31. Amazon denies the allegations contained in Paragraph 31.

32. Amazon denies the allegations contained in Paragraph 32.

33. Amazon denies the allegations contained in Paragraph 33.

34. Amazon denies the allegations contained in Paragraph 34.

35. Amazon denies the allegations contained in Paragraph 35.

36. Amazon denies the allegations contained in Paragraph 36.

37. Amazon denies the allegations contained in Paragraph 37.

38. Amazon denies the allegations contained in Paragraph 38.

39. Amazon denies the allegations contained in Paragraph 39.

40. Paragraph 40 asserts a legal conclusion to which no response is required. To the extent that a response is required, Amazon denies the allegations contained in Paragraph 40.

41. Amazon denies the allegations contained in Paragraph 41 as stated.

42. Amazon denies the allegations contained in Paragraph 42.

43. Amazon denies the allegations contained in Paragraph 43.

**COUNT II – DEFECTIVE DESIGN UNDER NEW JERSEY PRODUCT LIABILITY ACT, N.J. STAT. § 2A:58C-2 ET SEQ.**

44. Amazon incorporates by reference its responses to the preceding paragraphs as if fully stated herein.

45. Amazon denies the allegations contained in Paragraph 45.

46. Amazon denies the allegations contained in Paragraph 46.

47. Amazon denies the allegations contained in Paragraph 47.

48. Amazon denies the allegations contained in Paragraph 48.

49. Amazon denies the allegations contained in Paragraph 49.

50. Amazon denies the allegations contained in Paragraph 50.

51. Amazon denies the allegations contained in Paragraph 51.

52. Amazon denies the allegations contained in Paragraph 52.

**SEPARATE DEFENSES**

**FIRST SEPARATE DEFENSE**

The Complaint fails to set forth a claim upon which relief may be granted.

**SECOND SEPARATE DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused by acts or omissions of third-persons or entities over which Amazon had no control.

**THIRD SEPARATE DEFENSE**

Plaintiff's claims are barred as a result of a failure to mitigate damages.

**FOURTH SEPARATE DEFENSE**

The injuries and damages alleged by Plaintiff herein were due to the contributory and/or comparative negligence of Plaintiff's subrogor, thereby barring Plaintiff from recovery by operation of the Comparative Negligence Act, *N.J.S.A.* 2A:15-5-1, *et seq*.

**FIFTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

**SIXTH SEPARATE DEFENSE**

Plaintiff's alleged injuries and damages, if any, were not proximately caused by the use of any products sold, marketed, or distributed by Amazon, or by any acts or omissions on the part of Amazon.

**SEVENTH SEPARATE DEFENSE**

Plaintiff's alleged injuries and damages, if any, were caused or contributed to, directly and proximately, in whole or in part, by misuse, unauthorized use, unintended use, unforeseeable use and/or improper use of the product at issue.

**EIGHTH SEPARATE DEFENSE**

Plaintiff is barred from recovery because the product alleged to have caused the damages was altered from its original condition.

**NINTH SEPARATE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the danger, or potentiality of danger, concerning the product at issue, was open and obvious and/or generally known and recognized.

**TENTH SEPARATE DEFENSE**

If Plaintiff sustained the damages alleged in the Complaint, which is denied, there was an intervening, superseding cause or causes leading to these alleged damages; and therefore, any action on the part of Amazon was not the proximate and/or competent producing cause of the alleged damages.

**ELEVENTH SEPARATE DEFENSE**

Amazon incorporates those defenses enumerated in the New Jersey Product Liability Act, *N.J.S.A.* 2A:58C-1, *et seq*.

**TWELFTH SEPARATE DEFENSE**

Plaintiff's claims are subsumed and/or barred by the New Jersey Product Liability Act, in whole or in part.

**THIRTEENTH SEPARATE DEFENSE**

Amazon did not design, manufacture, or sell the product at issue in this litigation.

**FOURTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the Communications Decency Act, 47 USC § 230.

**FIFTEENTH SEPARATE DEFENSE**

Plaintiff's claims are barred by the laws of other jurisdictions that may apply in this case.

.**SIXTEENTH SEPARATE DEFENSE**

The Complaint is barred, in whole or in part, by the doctrines of laches, waiver, unclean hands, and/or equitable estoppel.

## SEVENTEENTH SEPARATE DEFENSE

Amazon reserves the right to assert any additional defenses and claims of avoidance as may be appropriate based upon facts or issues disclosed during the course of additional investigation and discovery.

## REQUEST FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Amazon requests that the Complaint herein be dismissed in its entirety, with prejudice, that judgment be entered in favor of Amazon, against Plaintiff, that any and all claims for damages of any sort or nature be denied, and that Amazon be awarded costs, attorneys' fees, and all other relief as is just and proper.

Dated:  May 15, 2018               Respectfully submitted,

*s/  Beth S. Rose*
Beth S. Rose
E-mail: brose@sillscummis.com
Vincent Lodato
E-mail: vlodato@sillscummis.com
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 01702
Phone: (973) 643-7000
Fax: (973) 643-6500

*Attorneys for Defendant
Amazon.com, Inc.*


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached **AMAZON.COM, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** has been served via ECF this May 15, 2018 on all counsel of record.

*s/ Beth S. Rose*
BETH S. ROSE